UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 05-CV-5952 (JFB) (AKT)

---

EUGENE P. CIMINI & JOAN MCLACHLAN,

Plaintiffs,

VERSUS

JASPAN SCHLESINGER HOFFMAN LLP & STEPHEN B. HAND,
INDIVIDUALLY AS TRUSTEE AND
A MEMBER OF JASPAN SCHLESINGER HOFFMAN, LLP,

Defendants.

---

MEMORANDUM AND ORDER
January 19, 2007

---

JOSEPH F. BIANCO, District Judge:

Plaintiffs Eugene P. Cimini ("Cimini") and his wife, Joan McLachlan ("McLachlan") bring this diversity action alleging fraud, breach of fiduciary duty, breach of contract, and tortious interference with contract in connection with a $750,000 life insurance policy placed in trust for Cimini, with McLachlan as a beneficiary. Cimini allegedly obtained the policy and entered the trust agreement in 2002 as a result of his position as a partner at the law firm of Jasper Schlesinger Hoffman LLP (the "Firm" or "Jasper"). The defendants are the Firm and Stephen B. Hand ("Hand"), as a trustee and as a member of the Firm, who were allegedly involved in the formation and supervision of the trust, as well as the alleged wrongful termination of the life insurance policy after Cimini retired from the Firm due to a terminal illness.

Defendants move to dismiss the Third Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons that follow, the defendants' motion is

---

[1] At oral argument, plaintiffs withdrew the following claims contained in the Third Amended Complaint: (a) the claims related to an alleged waiver of premiums provision in the Policy (Claims One through Eight); (b) the claims related to an alleged Accelerated Benefits Rider for Terminal Illness in the Policy (Claims Nine and Ten); (c) the gross negligence claim (Claim Twelve); and (d) the claim alleging a violation of New York State Insurance Law (Claim Sixteen). (Transcript of October 13, 2006 Oral Argument, at 26-32.)

granted as to the claims asserted by McLachlan because she lacks standing, and denied as to the claims brought by Cimini.

I. BACKGROUND

A. THE FACTS

The following facts are taken from the complaint and are not findings of fact by the Court, but rather are assumed to be true for purposes of deciding this motion to dismiss.

Plaintiffs Cimini and McLachlan are married and reside in Centerville, Massachusetts. (Third Am. Compl. ¶ 1.) Cimini is a former member/partner at the Firm who retired on August 31, 2004, due to health reasons relating to cancer. (*Id.* ¶ 8.) Jasper is a law firm with its principal places of business in Garden City, New York and Wilmington, Delaware. (*Id.* ¶ 2.) Defendant Hand is a partner at the Firm. (*Id.* ¶ 3.)

On or about December 2002, the Firm made a group life insurance policy available to its partners with a face value of $750,000, which Cimini purchased. (*Id.* ¶¶ 9-10.) The Firm allegedly advised Cimini, on or about late December 2002, that there would be a tax benefit to his estate if he placed the policy into an irrevocable trust because it would reduce the amount of federal and state taxes payable by his estate upon his death. (*Id.* ¶¶ 11, 176-77.) Moreover, the Firm and Hand allegedly advised Cimini at that time that, in order for such an irrevocable trust to be lawful and to achieve the maximum tax benefits to his estate, the trust agreement would have to contain, among other things, provisions that would: (1) grant the trustee the power to designate or change from time to time the beneficiary of any such policy; (2) relieve the trustee of any duty to keep the insurance in force, or to notify the grantor or any other person that any premium or other payment was or would become due, or to forward any premium notice to any person; (3) provide that the trustee would be under no liability to anyone in case such premiums, dues, assessment or other charges were not paid, or for any result of the failure to make such payments; and (4) relieve the trustee of any duties or obligations under the insurance trust agreement. (*Id.* ¶¶ 178-81.) It is further alleged that these representations were known to be false by the Firm and Hand when made to Cimini, and were made with the intent that Cimini would rely upon them. (*Id.* ¶¶ 182-83.)

Cimini allegedly relied upon these representations by Hand and the Firm and asked the Firm to draft a trust agreement for him. (*Id.* ¶¶ 12, 185.) Hand, as the designee of the Firm, drafted an irrevocable life insurance trust agreement for Cimini, which contained the provisions allegedly proposed by defendants. (*Id.* ¶¶ 14, 186.)

Thereafter, on or about December 27, 2002, Cimini entered into the "Eugene P. Cimini Insurance Trust Agreement" (the "Trust Agreement" or the "Agreement") as grantor with defendant Hand as Trustee, with those provisions. (*Id.* ¶¶ 15-16, 185.) Cimini named plaintiff McLachlan as the beneficiary of the Trust. (*Id.* ¶ 17.)

Pursuant to the offer made by the Firm to Cimini in December 2002, the Firm purchased from Massachusetts Mutual Life Insurance Company a Group Flexible Premium Adjustable Life Insurance Policy (the "Policy") for the benefit of Cimini. (*Id.* ¶ 18.) The Policy named Cimini as the Insured, named the Firm as the Employer, and had a selected face value of $750,000. (*Id.* ¶ 19.)

2

According to the Third Amended Complaint, Cimini allowed other life insurance policies to lapse after entering into the Trust Agreement because he intended for the Trust Agreement to replace those other policies. (*Id.* ¶¶ 27.) The Third Amended Complaint alleges that the Firm and Hand were aware of this fact and of Cimini's reliance upon the Firm obtaining the Policy for him. (*Id.* ¶¶ 28-29.)

After entering into the Trust Agreement, Hand advised Cimini when the premiums on the Policy were due, and Cimini paid premiums into an escrow account maintained by Hand as Trustee. (*Id.* ¶ 30.) Hand, as Trustee, paid the premiums due on the Policy from the escrow account to the insurer. (*Id.* ¶ 31.)

The Policy and Trust Agreement were still in effect on August 31, 2004, when Cimini retired from the Firm due to terminal cancer. (*Id.* ¶¶ 32, 34.) The Third Amended Complaint alleges that the Firm and Hand were aware that the reason for Cimini's retirement was the terminal illness. (*Id.* ¶ 33.) For approximately one year after Cimini's retirement, the Firm continued to pay the premiums due on the Policy and Hand remained the Trustee pursuant to the terms of the Trust. (*Id.* ¶¶ 34-35.) Hand allegedly was under the supervision of the Firm with respect to his duties as Trustee. (*Id.* ¶ 40.)

In addition, because Hand continued to serve as Trustee after Cimini retired, all correspondence and notices of premiums due or cancellations regarding the Policy were forwarded to Hand and the Firm by the insurer. (*Id.* ¶¶ 40-41.) Neither Hand nor the Firm sent any correspondence or notices regarding the Policy to Cimini or McLachlan, even though the Firm and Hand knew the address of Cimini's residence. (*Id.* ¶¶ 42-44.)

On or about September 22, 2005, Hand, using the Firm's letterhead, wrote Cimini advising him that the Policy had been terminated, allegedly because Cimini had "arranged with the firm for the termination of [his] policy." (*Id.* ¶¶ 45-46.) This letter was the only notice Cimini received regarding the termination of the Policy. (*Id.* ¶ 47.) By the time this letter was sent to Cimini, the Policy had already been terminated, and could only have been reinstated with proof that Cimini was insurable. (*Id.* ¶ 51.) Because Cimini had terminal cancer, Cimini was already uninsurable, and that fact, as well as the existence of this Policy provision, was allegedly known to the Firm and Hand. (*Id.* ¶¶ 49-52.) Cimini denies that he ever had any arrangement with the Firm to terminate the Policy. (*Id.* ¶ 56.)

Hand and the Firm allegedly took affirmative actions to cause the Policy to be terminated or allowed the Policy to lapse by not paying premiums due thereon, without the consent of Cimini. (*Id.* ¶¶ 54-57.)

B. THE INSTANT ACTION

Plaintiffs filed a Complaint in this case on December 21, 2005, and the case was assigned to the Honorable Joanna Seybert. On February 16, 2006, the case was reassigned to this Court. On March 15, 2006, plaintiffs filed an Amended Complaint, and on or about March 17, 2006, with leave of the Court pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiffs filed a Second Amended Complaint. On June 14, 2006, defendants moved to dismiss the Second Amended Complaint. At oral argument on July 5, 2006, plaintiffs were

3

again granted leave to amend under Rule 15.[2] The Third Amended Complaint was filed on July 18, 2006 and, on August 11, 2006, defendants renewed their motion to dismiss all claims. Supplemental oral argument was held on October 13, 2006.

## II. DISCUSSION

### A. MOTION TO DISMISS STANDARD

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Weixel v. Bd. of Ed. of the City of New York*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 106 (2d Cir. 2005).

### B. STANDING

#### 1. Applicable Law

Under Article III, standing to bring a lawsuit in federal court is limited to a plaintiff who can "show that the conduct of which he complains has caused him to suffer an 'injury in fact' that a favorable judgment will redress." *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004); *see also Ziemba v. Rell*, 409 F.3d 553, 555 (2d Cir. 2005). Further, among other standing requirements, "a plaintiff's alleged injury must be an invasion of a concrete and particularized legally protected interest." *McConnell v. Federal Election Comm'n*, 540 U.S. 93, 107 (2003); *see also Ziemba*, 409 F.3d at 554.

#### 2. Application

Defendants argue that neither plaintiff has standing to pursue this action. Primarily, defendants contend that any claim for damages relating to the proceeds of the Policy will not arise until after Cimini's death. Defendants also submit that, although Cimini was the grantor of the Trust Agreement, he is not the owner or beneficiary of the Policy and, therefore, does not have standing. Defendants argue that McLachlan also lacks standing because she is only a beneficiary under the Trust Agreement if she survives Cimini, and there is no certainty that she will be a beneficiary at the time of Cimini's death even if she were to survive him. This is because, according to defendants, she is not an "irrevocable beneficiary," and the Trustee has

---

[2] Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Thus, "[l]eave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). The Court concluded that, under the circumstances of this case, there was no undue prejudice to the defendants at this early juncture in the litigation by allowing plaintiffs to file the Second and Third Amended complaints, nor were there any other grounds under this standard for denying leave.

4

the power to change the beneficiary of the Policy. (*See* Defs.' Mem. at 9-11.)

As to McLachlan, the Court concludes that she lacks standing to pursue this action at this time. The only damages sought by McLachlan relate to the lost proceeds from the Policy. As a beneficiary of the Trust Agreement, McLachlan has only an expectancy in the insurance policy proceeds that cannot be enforced by her during Cimini's lifetime. *See Matter of Will of Duncan*, 362 N.Y.S.2d 788, 791 (Surr. Ct. N.Y. 1974) (beneficiary of the Trust Agreement has "no absolute right to receive income from the trust, [her] gift being 'only of so much as the trustee shall properly determine to apply.'") (quoting *Matter of Connolly*, 130 N.Y.S. 194, 195 (Surr. Ct. N.Y. 1911)). In fact, the Agreement allows her to be removed as a beneficiary by the Trustee. Under such circumstances, she lacks standing to sue. *See, e.g., In re Malasky*, 736 N.Y.S.2d 151, 153 (N.Y. App. Div. 2002) (children did not have a pecuniary interest in trust until decedent's death and, therefore, lacked standing to seek an accounting with respect to administration of trust prior to death of decedent); *Gaidon v. Guardian Life Ins. Co. of Am.*, 707 N.Y.S.2d 166, 166 (N.Y. App. Div. 2000) (person who did not purchase the policy lacks standing to sue individually); *see also Dawson v. Estate of Ott*, 796 N.E.2d 1190, 1197 (Ind. Ct. App. 2003) (former wife "as the named beneficiary under the decedent's life insurance policy, had only an expectancy in the policy proceeds while the decedent was alive and, thus, could not have enforced the policy during his lifetime"). Therefore, McLachlan has no standing to pursue this action and all of her claims are dismissed.

The analysis as to Cimini, however, is different. The Court rejects defendants' argument that Cimini fails to allege a legally cognizable injury. Cimini, as a party to the Agreement, alleges that Hand, with the assistance of the Firm, breached the Agreement and Hand's fiduciary duty under the Agreement, by allowing the only asset in the Trust – namely, the Policy – to dissipate. Thus, Cimini's claim is that (1) defendants breached, or assisted in the breach of the Agreement and of Hand's fiduciary duty under the Agreement; (2) the breaches have caused injury to Cimini in that the value of the Trust's asset has been reduced to zero; and (3) as a signatory to the Agreement, Cimini has a legally protected interest in the enforcement of that Agreement. Given these allegations, the Court finds that Cimini has standing to sue. *See, e.g., LaGreca v. City of Niagara Falls*, 665 N.Y.S.2d 229, 230 (N.Y. App. Div. 1997) (where plaintiff claimed that employer terminated life insurance coverage for a decedent in violation of collective bargaining agreement, cause of action accrued at the time of the breach); *see also Hughes v. LaSalle Bank, N.A.*, 419 F. Supp. 2d 605, 612 (S.D.N.Y. 2006) ("A cause of action for breach of fiduciary duty accrues upon the occurrence of the alleged wrongful conduct."). Defendants argue that no one would be entitled to the face amount of the life insurance policy at this juncture since it was not payable until Cimini's death. However, that argument, as it relates to Cimini as a signatory to the Trust Agreement, goes to the issue of damages if liability is proven, not to the issue of standing to sue. In other words, unlike McLachlan, who was not a party to the Trust Agreement, Cimini has already suffered an injury based upon allegedly being deprived of the benefit of the bargain he entered under the Trust Agreement and allegedly being the victim of a fraud in

5

connection with that Agreement. Thus, because the Trust asset is now worth zero, it is clear that there has been a cognizable injury to Cimini as the grantor in the Trust Agreement, if, that is, he can prove there was a breach of the Trust Agreement, a breach of fiduciary duty or fraud in connection with the Agreement, even if the precise current value of the lost asset is disputed by the parties.

### C. CLAIMS AGAINST HAND

Defendant Hand argues that all claims against him must be dismissed because the Trust Agreement specifically provides that the Trustee has no duty to notify the grantor when premiums are due or to maintain the Policy in force. In particular, the Trust Agreement contains an exoneration provision that provides:

> The Trustee shall have no duty to keep the Insurance in force, to notify the Grantor or any other person that any premium or other payment is or will become due, or to forward any premium notice to any person; and the Trustee shall be under no liability to anyone in case such premiums, dues, assessments or other charges are not paid, nor for any result of the failure to make such payments.

(Hand Affirmation, Ex. A.).[3] Therefore, Hand argues that, because all the claims against him presuppose a duty to notify Cimini when premiums are due and a duty to keep the policy in force, the claims must be dismissed as a matter of law. As set forth below, the Court finds this argument unpersuasive as it relates to the remaining claims which seek recovery based upon fraud, bad faith, or other intentional misconduct by Hand as trustee.

It is well settled that "[n]o matter how broad the [exculpatory] provision may be, the trustee is liable if he commits a breach of trust

---

[3] Although the Trust Agreement is not attached to the complaint, the Court may consider it in connection with the motion to dismiss because it is referred to in the complaint, is relied upon by the plaintiffs, and is integral to the complaint. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006) ("When a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (internal quotation marks omitted)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (noting that for purposes of a motion to dismiss, a complaint is considered to include documents referred to therein); *Merkent v. SI Bank & Trust Spring 2004 Severance Benefit Plan*, No. 05-CV-2449 (JFB), 2006 WL 898086, at *1 n.1 (E.D.N.Y. April 5, 2006) (considering provisions of severance plan that was referenced in the complaint as part of motion to dismiss). With respect to the other documents submitted by both parties, including the Cimini Affidavit, the Court will not consider those documents because they go beyond the pleadings and, in any event, have no bearing on this motion to dismiss.

in bad faith or intentionally or with reckless indifference to the interests of the beneficiaries, or if he has personally profited through a breach of trust." *O'Hayer v. St. Aubin*, 293 N.Y.S.2d 147, 151 (N.Y. App. Div. 1968) (quotations and citation omitted); *see also Alexandra R. Stark v. United States Trust Co. of New York*, 445 F. Supp. 670, 683 (S.D.N.Y. 1978) ("Although absolute discretion does not mean . . . that it might be recklessly or willfully abused, exoneration provisions are recognized under New York law in inter vivos trusts such as these and protect a trustee from liability absent recklessness, fraud or intentional wrongdoing.") (quotations and citations omitted). Thus, although a trust exoneration provision can protect a trustee against liability for negligence, it cannot relieve a trustee for breach of trust based upon a willful violation of duty, bad faith or reckless indifference. *See, e.g., Morrissey v. Curran*, 351 F. Supp. 775, 782 (S.D.N.Y. 1972), *aff'd*, 483 F.2d 480 (2d Cir. 1973); *see also In re Cowles' Will*, 255 N.Y.S.2d 160, 174 (N.Y. App. Div. 1965) (enforcing clause in trust agreement exonerating trustee except for willful negligence, self-dealing and bad faith), *aff'd*, 215 N.E.2d 509 (N.Y. 1966); *Estate of Gilbert*, 592 N.Y.S.2d 224, 226 (N.Y. Surr. Ct. 1992) ("Although our courts cannot ordinarily interfere with the exercise of a trustee's discretion, they can ensure that such discretion is exercised fairly and honestly.").

In the instant case, the Third Amended Complaint alleges that Hand breached the Trust Agreement and his fiduciary duty under the Trust Agreement through fraud and bad faith. More specifically, among other things, plaintiffs allege that Hand took affirmative steps to terminate the Policy in bad faith without notice to Cimini, thereby dissipating the asset contained in the Trust Agreement, and with knowledge that Cimini could not get the Policy reinstated because of his terminal illness. If Cimini is able to prove that Hand engaged in fraud, willful misconduct, or bad faith in connection with his duties under the Trust Agreement, then Hand may be liable regardless of the broad exoneration provision contained in the Trust Agreement. Therefore, dismissal of all claims, at this early juncture before any discovery has taken place, is unwarranted. Accordingly, Hand's motion to dismiss the claims against him for fraud, breach of fiduciary duty, and breach of the Trust Agreement on the basis of the broad exoneration provision is denied.

Hand also argues that the fraud claim against him must be dismissed because the complaint lacks the specificity required under Rule 9(b) of the Federal Rules of Civil Procedure. As discussed below, however, the Court disagrees.

"Under New York law, 'to state a cause of action for fraud, a plaintiff must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the plaintiff and resulting injury.'"[4] *Lerner v.*

---

[4] The Second Circuit has also articulated a "slightly different formulation" of the elements of a fraud claim under New York law which includes a showing of an intent to defraud. *See Lerner*, 459 F.3d at 291 n.8. Those elements are: "(1) a material misrepresentation or omission of fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, and (4) reasonable reliance on the part of the plaintiff, (5) that causes damages to the plaintiff." *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). For purposes of the pending motions, however, this slight distinction need not be addressed because the complaint satisfies Rule 9(b) under either

*Fleet Bank, N.A.*, 459 F.3d 273, 291 (2d Cir. 2006) (quoting *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 165 (N.Y. App. Div. 2003)). As it relates to fraudulent inducement claims, in addition to the above-referenced requirements, a plaintiff must show that the false statement was made for the purpose of inducing the other person to rely upon it. *See Jo Ann Homes at Bellmore, Inc. v. Dworetz*, 250 N.E.2d 214, 217 (N.Y. 1969); *Shea v. Hambros*, 673 N.Y.S.2d 369, 373 (N.Y. App. Div. 1998).

Rule 9(b) requires all averments of fraud and the circumstances constituting fraud to be stated with particularity. "[I]n order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Lerner*, 459 F.3d at 290 (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). In addition, "[a]lthough Rule 9(b) allows a plaintiff to allege fraudulent intent generally, a plaintiff must 'allege facts that give rise to a strong inference of fraudulent intent.'" *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, No. 99-CV-3227 (JGK), 2000 U.S. Dist. LEXIS 14043, at *23 (S.D.N.Y. Sept. 22, 2000) (quoting *Shields v. Citytrust Bancorp., Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). "These requirements ensure that 'a complaint alleging fraud' is filed 'only after a wrong is reasonably believed to have occurred,' and 'not to find one.'" *Abercrombie v. Andrew College*, 438 F. Supp. 2d 243, 272 (S.D.N.Y. 2006) (quoting *Segal v. Gordon*, 467 F.2d 602, 607-08 (2d Cir. 1972)). "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

The Court concludes that Cimini has alleged sufficient facts with respect to a fraudulent scheme to satisfy Rule 9(b). The Third Amended Complaint alleges that Hand and the Firm made false representations to Cimini in late December 2002 regarding the need to have the life insurance policy placed in an irrevocable insurance trust, with a broad exoneration provision that relieved the trustee of any duty to notify anyone of premium payments due and of any duty to keep the insurance in force, in order to maximize tax benefits. It is further alleged that (1) Hand and the Firm knew these representations were false when made, (2) the representations were made with the intent that Cimini would rely upon them, (3) Cimini reasonably relied upon them in entering into an insurance trust agreement containing those provisions, and (4) those false statements were the proximate cause of his injury.

The Third Amended Complaint also alleges that Hand, in concert with the Firm, at a later time either affirmatively terminated the Policy or willfully allowed the Policy to lapse, in bad faith without any notice to Cimini. To support this alleged fraud, Cimini states in the Third Amended Complaint that Hand sent a letter to Cimini on or about September 22, 2005 on Firm stationery, advising him that the Policy had been terminated, allegedly because Cimini had "arranged with the firm for the termination of [his] policy." Cimini denies that he ever gave any consent to terminate the Policy, or had any knowledge that the Policy was being terminated, and contends the attempt by Hand and the Firm to suggest that

---

standard.

8

he arranged for such termination with the Firm was a fraud. In essence, Cimini claims that Hand and the Firm participated in a fraudulent scheme by intentionally and fraudulently inducing him to enter into an irrevocable trust agreement with an unnecessarily broad exoneration provision and then, at a later time, willfully dissipated the asset in that trust in bad faith by terminating the Policy without his knowledge or consent, while falsely representing that it was being terminated pursuant to an arrangement between Cimini and the Firm. Accordingly, defendants' motion to dismiss based upon failure to satisfy Rule 9(b) is denied.[5]

### D. CLAIMS AGAINST THE FIRM

The Firm argues that the claims against it must be dismissed because it was not a party to the Trust Agreement and did not owe a duty to plaintiffs to pay the premiums on Cimini's behalf or to make sure the Policy remained in force. Given the lack of any obligations under the Trust Agreement, the Firm asserts that it cannot be subject to liability for any alleged breach by Hand of his duties and obligations as Trustee. However, as set forth below, the Court finds this argument unavailing because the claims against the Firm – fraud or aiding and abetting fraud, aiding and abetting the breach of a fiduciary duty, and tortious interference with a contract – are not dependent upon the existence of a fiduciary or contractual relationship directly between the Firm and Cimini.

With respect to a claim for aiding and abetting fraud, a plaintiff must establish the following: "'(1) the existence of a fraud; (2) [the] defendant's knowledge of the fraud; and (3) that the defendant provided substantial assistance to advance the fraud's commission.'" *Lerner*, 459 F.3d at 292 (quoting *JP Morgan Chase Bank v. Winnick*, 406 F. Supp.2d 247, 252 (S.D.N.Y. 2005)). Similarly, "'[a] claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach.'" *Lerner*, 459 F.3d at 294 (quoting *Kaufman v. Cohen*, 125, 760 N.Y.S.2d 157, 169 (N.Y. App. Div. 2003)); *accord In re Sharp Int'l Corp.*, 403 F.3d 43, 49 (2d Cir. 2005). Finally, with respect to a claim for tortious interference with a contract, "a complainant must prove the existence of a valid contract between plaintiff and a third party, the defendants' knowledge of that contract, and defendants' improper intentional interference with its performance." *Enercomp, Inc. v. McCorhill Publ'g, Inc.*, 873 F.2d 536, 541 (2d Cir. 1989); *accord Foster v. Churchill*, 665 N.E.2d 153, 156 (N.Y. 1996); *William Kaufman Org., Ltd.* v. *Graham & James L.L.P.*, 703 N.Y.S.2d 439, 442 (N.Y. App. Div. 2000).

None of these three causes of action require that the defendant have a fiduciary duty or contractual relationship directly with the plaintiff. Instead, the gravamen of these legal claims is that a third party willfully

---

[5] Defendants make various other arguments in an effort to seek dismissal of the fraud claims, including (1) that the provisions of the Trust Agreement used by Hand were usual and customary; and (2) that Cimini was an attorney and cannot claim he reasonably relied on alleged misrepresentations in entering the trust agreement. (Reply Brief, at 4-5.) However, these arguments regarding the strength of Cimini's fraud claims are not a basis for dismissing the fraud claim where, as here, there is sufficient particularity to survive Rule 9(b).

assisted another individual in wrongful conduct, whether it be committing a fraud or a breach of fiduciary duty, or improperly interfering with a contractual relationship between two other parties. As discussed *supra* in connection with the Rule 9(b) analysis, Cimini alleges that the Firm designated Hand as the Trustee and supervised Hand in connection with his alleged fraud and breach of fiduciary duty. Moreover, with respect to the claim for tortiously interfering with a contract, the Third Amended Complaint alleges, based upon the September 22, 2005 letter to Cimini in which Hand writes that he "understand[s] that you have arranged with the firm for the termination of your policy," that the Firm deliberately cancelled the Policy without Cimini's consent and thereby interfered with the Trust Agreement between Hand and Cimini. Given these claims and allegations, the Court cannot conclude at the motion to dismiss stage that these claims against the Firm must fail as a matter of law.[6]

In sum, the Court finds that Cimini's claims against Hand and the Firm are sufficiently pled to survive defendants' motion to dismiss. It remains to be seen whether Cimini will be able to prove the serious allegations, including fraud, that he has alleged in the Third Amended Complaint. However, reviewing the allegations under the standards for Rule 12(b)(6) and Rule 9(b) motions to dismiss, the Court finds that dismissal at this juncture is unwarranted. *See, e.g., Weiss v. Witcoff*, 966 F.2d 109, 112 (2d Cir. 1992) ("Although it remains to be seen whether [plaintiff] can prove his allegations, the court's task on a Rule 12(b)(6) motion is not to rule on the merits of plaintiffs' claims, but to decide whether, presuming all factual allegations of the complaint to be true, and drawing all reasonable inferences in the plaintiff's favor, the plaintiff could prove any set of facts which would entitle him to relief.") (citation omitted).

---

[6] To the extent the Firm also is arguing for dismissal under Rule 9(b), the Court concludes such a dismissal is unwarranted against the Firm based upon the particular allegations, discussed *supra*, against Hand, both as Trustee and as a partner at the Firm. Although the Third Amended Complaint does not allege particular individuals at the Firm other than Hand who were involved in this scheme, the Court does not view that lack of specificity as fatal to the fraud claim against the Firm under the circumstances of this case. It is alleged that Hand was not only designated by the Firm to act as Trustee of the Trust, but was also designated by the Firm to draft the trust agreement for Cimini and was under the supervision of the Firm with respect to his duties as Trustee. Therefore, as alleged in the Third Amended Complaint, the fraudulent misrepresentations and actions of Hand in connection with the drafting of the Trust Agreement and later termination of the Policy were allegedly done not only in his capacity as a Trustee, but as a partner and designee of the Firm under the supervision of the Firm. The Court is unable to conclude at this juncture that such an allegation must fail as a matter of law or that the failure to name other individuals at the Firm requires dismissal under Rule 9(b). *See, e.g., Aniero Concrete Co. v. New York City Construction Auth.*, No. 94-CV-9111 (CSH), 1998 WL 148324, at *11 (S.D.N.Y. March 30, 1998) (Rule 9(b) satisfied where complaint alleged that one company acted through another company and, thus, fraudulent allegations were attributable to both).

## II. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the Third Amended Complaint is GRANTED as to McLachlan's claims and DENIED as to Cimini's claims.

The parties shall proceed with discovery in accordance with the direction of Magistrate Judge A. Kathleen Tomlinson.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: January 19, 2007
Central Islip, NY

\* \* \*

Plaintiffs are represented by Susan Pernick, Esq., Meltzer, Lippe, Goldstein & Breitstone, LLP, 190 Willis Avenue, Mineola, New York 11501. Defendants are represented by Stanley A. Camhi, Esq., Jaspen Schlesigner Hoffman LLP, 300 Garden City Plaza, Garden City, New York 11530.